# United States Court of Appeals for the Fifth Circuit

---

No. 23-10995
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jordan Michael Porter,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-270-1

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jordan Michael Porter appeals from the sentence imposed following the revocation of his supervised release. The district court sentenced Porter to 12 months in prison and reimposed 10 years of supervised release.

Porter contends that there is a conflict between the written judgment, which provides that the district court reimposed the conditions of supervised

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release from the criminal judgment and a prior revocation judgment, and the orally pronounced sentence.  He alleges that the written judgment imposes by reference a discretionary condition limiting his contact with people under the age of 18 even though the district court did not read that condition into the record at the revocation hearing.  Because he did not request more specificity about the challenged condition and whether it was being reimposed despite having the chance to do so, our review is for plain error. *See United States v. Martinez*, 15 F.4th 1179, 1181 (5th Cir. 2021); *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020).

The oral pronouncement as to the conditions of supervision reflects, at most, an inconsistency or ambiguity as to whether the contested condition was pronounced.  The record, which we may review to determine the district court's intent, *see United States v. Tanner*, 984 F.3d 454, 456 (5th Cir. 2021), establishes that the district court intended its reimposition of a 10-year term of supervised release to encompass the disputed condition, *see United States v. Porter*, 43 F.4th 467, 472-73 (5th Cir. 2022).  The written judgment, which confirms that the district court meant to reimpose all conditions from the criminal judgment and the prior revocation judgment, is consistent with the district court's oral pronouncement.  *See id.* at 472-73; *Tanner*, 984 F.3d at 956.

Accordingly, Porter has not shown that the district court plainly erred by including in the written revocation judgment an unpronounced condition of supervised release.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Porter*, 43 F.4th at 470-73.  The judgment of the district court is therefore AFFIRMED.